SEBRING, Justice (Ret.)
This appeal is from a final decree rendered by the Circuit Court of Hendry County in a suit brought to require a re-canvass and a correct count of votes cast in a school district millage election.
According to the record, the election was called by the Board of Public Instruction of Hendry County to determine whether or not a millage of 6 mills should be levied by the Board for the exclusive use of the public free schools in the district involved. In the election, 918 qualified electors who paid real or personal property taxes in the district presented themselves at the polling places and voted. When the ballots were counted, 98 ballots were excluded, because they were blank, spoiled or irregular. On the basis of the ballots that were not ex-' eluded, the canvassing board found and determined that a majority of the votes? cast in the election were cast in favor of the 6 mills proposed by the Board, or for a higher levy, and that consequently the valid levy for the term should be 6 mills.
In this suit brought to set aside the canvass and to declare the correct count, the circuit court found, after ordering a recount of all ballots, that of the 98 ballots that had been excluded in tabulating the results of the election 12 were blank and should not have been counted, but that the remaining 86, which had been excluded because they were spoiled or irregularly marked, should have been counted as “votes cast in the election,” since the qualified electors who had cast them “did at *362 tempt to express a choice even though their ballots could not be counted as legal votes.” Based upon this finding the. court decreed that “906 qualified electors * * * voted at the millage election, of whom 440 cast votes for 6 mills or more, constituting less than a majority; that 457 cast votes for 5 mills or more, constituting a majority of 906; and that 5 mills is the levy for which, together with votes cast for higher levies, a majority of the votes are cast. * * * ” The appeal is from this decree.
The matter of conducting school district millage elections is governed by chapter 236, Florida Statutes, 1965, F.S.A., which was enacted in pursuance of section 10, Article XII of the Florida Constitution, T'.S.A. which reads, in part, as follows:
“The Legislature may provide for the division of any county or counties into convenient school districts * * * and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real or personal property shall vote in favor of such levy; Provided, that any tax authorized by this section shall not exceed ten mills on the dollar in any one year on the taxable property of the district.” [1]
In implementation of this constitutional provision the Legislature has enacted section 236.32, Florida Statutes, 1965, F.S.A., which provides the following in respect to school district millage elections:
“The procedure for holding and conducting school district elections shall be: * * *
“(3) FORM OF BALLOT. — The county board shall provide substantially the following form of ballot to be used * * * for voting the levy in each school district in the county: * * *
“(b) Ballot for School tax district millage levy.—
“1. In districts where paper ballots shall be used:
“INSTRUCTIONS TO VOTERS: Indicate by marking an ‘X’ in the space after line 1 if you favor the proposed millage levy for the school term. If you favor a different millage levy, write the levy you favor after line 2:
“1. Proposed millage levy for the school term (— mills)
“2. Other millage levy * * *
“On the ballot for the proposed school district millage levy shall be printed the millage proposed by the county board
' “(c) The county board, at its option may determine whether to use paper ballots or automatic voting machines for said election. * * *
“(4) QUALIFICATIONS OF ELECTORS. — All qualified electors residing within any school district in the state whose voting registration is in that district * * * and * * * who pay a tax on real or personal property within the district shall be entitled to vote in the election to set the school tax district millage levy.
“(5) CANVASS OF RETURNS. — The county board shall canvass the returns of the election as made to it by the inspectors and clerks of the election and shall declare the results at the next regular meeting of said board or at a special meeting called for that purpose.
“(6) RESULTS OF ELECTION.— The tax levy receiving the majority of all votes cast by qualified electors, or, in case no one levy receives a majority, that levy for which, together with the votes cast for higher levies, a majority of the votes are cast, shall become the levy for the district for the next ensuing two years. * * * ”
*363 We are of the opinion that under the governing statute, as limited by section 10, Article XII of the Constitution, the .approval of a proposed school district tax levy must be by a majority of legally sufficient votes properly cast in an election, by which we mean votes on ballots that clearly and legibly express a choice for the millage proposed by the board or for some lower or higher millage. This is made plain, we think, by the wording of the statute under which the election must be held. It plainly provides what the procedure shall be for conducting an election that requires something more than a mere affirmative or negative answer by the voters to a stated question but contemplates an affirmative expression of choices. The ballot to be furnished the voter for the purpose requires him to mark an “X” on a line which states the millage proposed by the board, if he favors such millage, or to write in on another line a different millage, if he desires some other millage. Thus the voter is given the privilege, and is expected, to indicate his personal choice of the millage he prefers (which may range from 0 mills to 10 mills) if he wants his choice to be considered. It is from these various choices legibly expressed that the determination is to be made whether the millage levy proposed by the board will be the levy for the term, or whether some other millage levy will be employed.
A blank or spoiled ballot, or one that is so illegible that the choice of the elector on the specific issue for which the election is held cannot be ascertained, does not constitute, in our opinion, an expression of a choice either for the proposed millage, or for some other millage of the voter’s own choice. Consequently, such a ballot may not be considered in determining whether or not a specifically proposed millage has received a majority of all votes cast in a school district millage election held solely for the purpose of determining this issue.
It follows from the conclusions we have reached that the trial court committed reversible error when it ruled that the 86 votes that were excluded from the canvassing board’s count because they were spoiled or irregularly marked should have been counted as “votes cast,” and that the votes cast in favor of the 6-mill, or more, levy did not constitute a majority of the votes cast in the election. Consequently, the decree appealed from should be affirmed in part and reversed in part with directions that an appropriate decree be entered in accordance with this opinion and judgment.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.
ROBERTS, J., heard argument but does not participate in decision.

. For the proper construction to be placed upon this constitutional provision, see Pickett v. Russell (1900) 42 Fla. 116, 28 So. 764.